967 F.2d 593
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, et al., Plaintiff,
and
Kevin M. ASLANIAN; Richard L'Italien; Georgia Uremovic;
and Coalition of California Welfare Rights
Organizations, Plaintiffs-Appellants,
v.
George DEUKMEJIAN, Governor, State of California; Linda
McMahon, Director, California State Department of Social
Services; State of California, Department of Social
Services; Sacramento County, Board of Supervisors; Dennis
Hart, Director, Sacramento County Department of Social
Services; Sacramento County Department of Social Services,
Defendants-Appellees.
 No. 91-16038.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 14, 1992.
Decided June 17, 1992.
 
 Before HUG, SKOPIL and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 This is an action brought pursuant to the False Claims Act, 31 U.S.C. §§ 3729-32 (1988), by a coalition of welfare rights organizations and others to recover damages and civil penalties on behalf of the United States. The plaintiffs allege that state and county officials falsely submitted claims to the federal government to collect payments for the administration of certain federal child welfare services programs. The district court dismissed the action for lack of subject matter jurisdiction. We affirm.
 
 DISCUSSION
 
 3
 The False Claims Act provides that in certain instances civil actions may be instituted by private plaintiffs who proceed on behalf of the government. 31 U.S.C. § 3730(b); Mortgages, Inc. v. United States Dist. Court for the Dist. of Nevada, 934 F.2d 209, 210 (9th Cir.1991). The statute, however, contains numerous exclusions of federal jurisdiction which we have described as "unusually precise." United States ex rel. Hagood v. Sonoma County Water Agency, 929 F.2d 1416, 1419 (9th Cir.1991). The district court held that plaintiffs failed to meet one of these jurisdictional exclusions, providing that:
 
 
 4
 (A) No court shall have jurisdiction over an action under this section based upon the public disclosure of allegations or transactions in a criminal, civil, or administrative hearing, in a congressional, administrative, or Government Accounting Office report, hearing, audit, or investigation, or from the news media, unless the action is brought by the Attorney General or the person bringing the action is an original source of the information.
 
 
 5
 (B) For purposes of this paragraph, "original source" means an individual who has direct and independent knowledge of the information on which the allegations are based and has voluntarily provided the information to the Government before filing an action under this section which is based on the information.
 
 
 6
 31 U.S.C. § 3730(e)(4) (emphasis added). The court concluded that (1) the claims asserted by plaintiffs had been publicly disclosed; and (2) the plaintiffs did not voluntarily provide information relating to their claims to the federal government before filing their action.
 
 
 7
 We agree that the information underlying plaintiffs' claims was publicly disclosed prior to the filing of the action. At least one of the documents relied upon by plaintiffs, a state Superior Court civil complaint, was a non-confidential public record. Moreover, as the district court noted, plaintiffs had caused the information to become publicly disseminated in a newspaper article.
 
 
 8
 Even if the information relied upon by plaintiffs was publicly disclosed, the action is not barred if plaintiffs are the original source of the information. 31 U.S.C. § 3730(e)(4)(A). To qualify as an original source, a person must first have "direct and independent knowledge of the information on which the allegations are based." 31 U.S.C. § 3730(e)(4)(B). There is no apparent dispute here that plaintiffs possessed such direct and independent knowledge. Plaintiffs failed, however, to come forward with evidence that satisfied the second element of section 3740(e)(4)(B)--that they voluntarily provided information to the federal government before filing their action.
 
 
 9
 Plaintiffs contend that they misconstrued the nature of defendants' motion to dismiss. They believed it to be a facial attack on jurisdiction rather that a factual attack, and accordingly they failed to submit evidence of their voluntary disclosure. We reject that contention. The motion clearly challenged whether these plaintiffs voluntarily provided information to the government before filing their action. Plaintiffs were required to come forward with evidence outside the pleadings to demonstrate that they met this jurisdictional requirement. See Trentacosta v. Frontier Pac. Aircraft Indus., 813 F.2d 1553, 1558 (9th Cir.1987). Plaintiffs failed to offer any evidence on this point and the district court therefore correctly dismissed the action.
 
 
 10
 Plaintiffs contend that the district court should have reconsidered its decision in light of evidence submitted after dismissal. Plaintiffs failed, however, to offer adequate grounds to explain why they did not present their evidence before dismissal. That failure justifies the district court's denial of reconsideration. See id. at 1557-58 n. 4; Frederick S. Wyle, Corp. v. Texaco, Inc., 764 F.2d 604, 609 (9th Cir.1985). The court did not abuse its discretion by refusing to reconsider its order of dismissal. See Fuller v. M.G. Jewelry, 950 F.2d 1437, 1441 (9th Cir.1991) (applying abuse of discretion standard).
 
 
 11
 We also find no abuse of discretion in the court's refusal to allow plaintiffs to file an amended complaint. See Jackson v. Bank of Hawaii, 902 F.2d 1385, 1387 (9th Cir.1990) (applying abuse of discretion standard). The court reasoned that the proffered amendments were futile and prejudicial to the defendants. Both grounds are sufficient to justify rejection of an amended complaint. See id. at 1387. Moreover, a third factor is relevant here. "Where a party seeking amendment knows or should know of the facts upon which the proposed amendment is based, but fails to include them in the original complaint, the motion to amend may be denied." Jordan v. County of Los Angeles, 669 F.2d 1311, 1324 (9th Cir.), vacated and remanded on other grounds, 459 U.S. 810 (1982).
 
 
 12
 Finally, plaintiff Uremovic objects to the district court's refusal to allow her to intervene in a cross-claim between defendants. Because we affirm the dismissal of the action for lack of subject matter jurisdiction, it is unnecessary for us to reach Uremovic's argument.
 
 
 13
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3